J. Egbert Lynch, J.
The plaintiff moves for summary judgment in lieu of a complaint.
The defendant has a form of draft on which everything is printed except the name of the payee, the amount and the defendant’s authorized signature. Immediately ahead of the space for the payee’s name appears “ At sight when approved pay to the order of”. This motion raises the question, when approved by whom.
The defendant answers, “The Marine Midland Bank”, through which the draft is made payable. This cannot be. This is not a check drawn on a bank. (See Uniform Commercial Code, § 3-104, subd. [2], par. [d].) It is a draft payable through a bank and hence does not authorize the bank to make payment (Uniform Commercial Code, § 3-120). It would be nonsensical to hinge payment on the approval of someone not authorized to make it.
The approval meant must be the approval of the drawer, the defendant. If it were to be construed that this approval could await the clearance of the draft through the Marine Midland Bank and its ultimate presentment, the construction would be at odds with the draft being drawn “ at sight” which is equivalent to being payable on demand (Uniform Commercial Code, § 3-108). The only logical interpretation of “at sight when approved pay to the order of ” is that the draft, on demand, becomes payable at the order of the payee when it has been approved on its issuance by the insertion of the authorized signature of the defendant’s officer or employee. (See Daitch Crystal Dairies v. Allstate Ins. Co., N. Y. L. J., July 9, 1968, p. 12, col. 1.)
Summary judgment must be granted.